COURTESY COPY

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACLYN CABALES and )
JONATHAN CABALES, )
                               Plaintiffs, )
v. )
ALBERT E. MORGAN, D.C., ARCTIC )
CHIROPRACTIC BETHEL, LLC, and )
CHRISTOPHER F. TWIFORD, D.C. )
                               Defendants. ) Case No. 4BE-13-_____ CI

## COMPLAINT

Plaintiffs Jaclyn Cabales and Jonathan Cabales, by and through their attorneys, Angstman Law Office, hereby allege and state as follows:

### THE PARTIES AND VENUE

1. Plaintiff Jaclyn Cabales is a citizen of the State of Alaska and resides in or around Bethel, Alaska.

2. Plaintiff Jonathan Cabales is a citizen of the State of Alaska and resides in or around Bethel, Alaska. Jonathan and Jaclyn are married and are the parents of two minor children.

3. Upon information and belief, Defendant Albert E. Morgan is a citizen of the State of Alaska. Upon information and belief, Albert E. Morgan is a licensed chiropractor who, at all times relevant, was practicing at Arctic Chiropractic Bethel, LLC [hereinafter "Arctic Chiropractic."]

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                                     Page 1 of 9

PAGE 2/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 1 of 9

4. Upon information and belief, Defendant Arctic Chiropractic is a limited liability corporation doing business in Bethel Alaska.

5. Upon information and belief, Defendant Christopher F. Twiford is a resident of the State of Alaska. Upon information and belief, Christopher F. Twiford is a licensed chiropractor who operates Arctic Chiropractic.

6. Venue is proper as this case arises in the fourth judicial district at Bethel, Alaska, where Jaclyn Cabales received chiropractic care from Albert E. Morgan at Arctic Chiropractic.

7. This Court has jurisdiction pursuant to AS 22.10.020.

## GENERAL ALLEGATIONS

8. Upon information and belief, Defendant Clifford F. Twiford supervised Albert E. Morgan and/or approved his use as a substitute chiropractor to provide chiropractic care at Arctic Chiropractic.

9. On April 2, 2011, Defendant Albert E. Morgan and Arctic Chiropractic provided chiropractic care to Plaintiff Jaclyn Cabales.

10. On April 2, 2011, during Defendant Albert E. Morgan's manipulation of Ms. Cabales' neck, Morgan damaged Plaintiff's right vertebral artery.

11. As a direct result of the damage described in paragraph 10, Plaintiff immediately vomited, felt extremely dizzy, and began to lose her vision.

12. Defendant Morgan personally observed Plaintiff's sudden onset of symptoms described in paragraph 11, and suspected plaintiff may have suffered an aneurysm.

13. Defendant Morgan and the employees of Arctic Chiropractic did not call an ambulance for plaintiff or otherwise promptly get her to the YKHC ER, located a short distance away.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                                    Page 2 of 9

PAGE 3/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 2 of 9

14. Instead of getting plaintiff immediate medical attention, Defendant Morgan caused plaintiff to be moved to a different examination room at Arctic Chiropractic so she was out of his way and he could continue seeing other patients in the room she had initially occupied when his manipulation caused her sudden onset of symptoms. Plaintiff remained at Arctic Chiropractic for approximately an hour and a half after Morgan injured her, while Morgan treated other patients.

15. On April 2, 2011, plaintiff's husband, Jonathan Cabales, was told to come to Arctic Chiropractic to attend his wife. When he arrived at Arctic Chiropractic, Jonathan suffered shock and severe distress at seeing his wife's suffering, pain, bewilderment, and fear as to what was happening to her. While she languished for an hour and a half in Arctic Chiropractic's spare room, Jaclyn did not regain her vision.

16. On April 2, 2011, Defendant Twiford was immediately informed by telephone of Jaclyn's vomiting, dizziness, and loss of vision by an employee of Arctic Chiropractic. Twiford believed that these symptoms required Jaclyn to be immediately conveyed to the ER. Nevertheless, despite Defendant Twiford's knowledge of the alarming facts, authority over the Arctic Chiropractic staff, and concern over Jaclyn's symptoms, no one at Arctic Chiropractic called an ambulance, immediately conveyed Jaclyn to the hospital, or immediately provided accurate and complete health care records to the YKHC ER concerning Jaclyn's treatment that day or her sudden onset of symptoms.

17. Plaintiff was eventually carried to a car and driven to YKHC's ER. However, despite his suspicion that Jaclyn may have suffered an aneurysm, Morgan did not alert YKHC that Jaclyn had just undergone a chiropractic manipulation of her neck, give immediate notice to her health care providers of her sudden onset of symptoms, or communicate

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                                    Page 3 of 9

PAGE 4/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 3 of 9

his concern to the ER that Jaclyn may have suffered an aneurysm at the Arctic Chiropractic office.

18. When Jaclyn arrived at the YKHC ER, she was so sick it affected her ability to communicate and her health care providers (especially without Morgan's referral or Arctic Chiropractic's records) assumed Jaclyn might have the flu and sent her home.

19. On April 4, 2011 Jaclyn and Jonathan returned to the YKHC ER because Jaclyn's symptoms persisted. The YKHC ER doctor realized the seriousness of Jaclyn's condition and ordered that she undergo an emergency medevac to Anchorage.

20. Sometime during departure preparation and/or the transport process, Jaclyn suffered a seizure. Because of plaintiff's condition she was given an endotracheal intubation so her airway would not close. By the time she arrived at ANMC in Anchorage, her left pupil was dilated and fixed at 7 mm and her right pupil was 3 mm and sluggish. Her breath was shallow and agonal. She was not responsive.

21. As a consequence of Morgan's negligent chiropractic care, including a neck manipulation which caused a 90% stenosis of Jaclyn's right vertebral artery, Jaclyn suffered two strokes in her brain. The larger of the two strokes was a right cerebellar stroke that, among other things, caused an obstruction of the fluid flow in her brain.

22. On April 5, 2011 Jaclyn's doctors had to drill a hole in Jaclyn's skull and insert a drain to alleviate the pressure on Jaclyn's brain from cerebrospinal fluid.

23. On April 6, 2011, Jaclyn underwent an MRA of her neck, verifying that she had suffered a focal stenosis of approximately 90 percent in the midvertebral artery. A true and correct copy of this April 6, 2011 MRA is attached as **Exhibit A**.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                                Page 4 of 9

PAGE 5/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 4 of 9

24. The damage Morgan caused to plaintiff's right vertebral artery could not be corrected with surgery or a stint, leaving plaintiff at risk of future injury.

25. As a result of her two strokes caused by Morgan's negligence, Jaclyn has had to undergo physical therapy and rehabilitation. Some of the long-term effects of her strokes have included emotional distress, loss of vision, visual distortion and vertigo.

## COUNT I

### (Negligence--Defendant Albert E. Morgan)

26. Plaintiffs incorporate by reference the allegations in paragraphs 1-25 of the complaint.

27. On or about April 2, 2011, Defendant Albert E. Morgan owed a duty to plaintiffs to exercise the degree of knowledge or skill of the degree of care ordinarily exercised under the circumstances by health care providers in the field or specialty in which the defendant was practicing.

28. Defendant Albert E. Moran either lacked the degree of skill of knowledge or skill or failed to exercise the degree of care, as specified in paragraph 27.

29. As a proximate result of Albert E. Morgan's lack of knowledge or skill or his failure to exercise this degree of care, the plaintiffs suffered injuries that would not otherwise have occurred.

30. Plaintiffs have been damaged as a result of the negligence of Albert E. Morgan, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury in excess of this court's jurisdictional requirement, the precise amount to be proven at trial.

## COUNT II

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
<u>Cabales v. Morgan, et al.</u> Case No. 4BE-13-_____ CI                                               Page 5 of 9

PAGE 6/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 5 of 9

**(Recklessness–Defendant Albert E. Morgan)**

31. Plaintiffs incorporate by reference the allegations in paragraphs 1-30 of the complaint.

32. On or about April 2, 2011, Defendant Albert E. Morgan owned the duty as alleged in paragraph 27, and that duty also encompassed a duty not to act recklessly as to plaintiffs.

33. Defendant Albert Morgan was reckless in his lack of knowledge, skill, or care, including but not limited to his neglect of Jaclyn in the hour and a half following her injury, his failure to get her to the ER, and communicate and convey Jaclyn's chiropractic treatment, her records, her sudden onset of symptoms, and his diagnosis of her possible aneurism to YKHC's ER, immediately after Jaclyn's onset of symptoms.

34. As a proximate result of Albert E. Morgan's reckless lack of knowledge or skill or his failure to exercise care, the plaintiffs suffered injuries that would not otherwise have occurred.

35. Plaintiffs have been damaged as a result of the negligence of Albert E. Morgan, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury in excess of this court's jurisdictional requirement, the precise amount to be proven at trial.

## COUNT III

**(Negligence—Defendant Christopher F. Twiford)**

36. Plaintiffs incorporate by reference the allegations in paragraphs 1-35 of the complaint.

37. On or about April 2, 2011, Defendant Christopher F. Twiford owed a duty to plaintiffs to exercise the degree of knowledge or skill of the degree of care ordinarily exercised

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                          Page 6 of 9

PAGE 7/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 6 of 9

under the circumstances by health care providers in the field or specialty in which the defendant was practicing. The source of this duty was not only Twiford's supervision and oversight of Albert E. Morgan and Arctic Chiropractic, but his instruction to an Arctic Chiropractic employee on April 2, 2011 that he be kept informed of Jaclyn's circumstances and his assumption of a duty of care relative to Jaclyn.

38. Defendant Christopher F. Twiford either lacked the degree of skill of knowledge or skill or failed to exercise the degree of care, as specified in paragraph 37.

39. As a proximate result of Christopher F. Twiford's lack of knowledge or skill or his failure to exercise this degree of care, the plaintiffs suffered injuries that would not otherwise have occurred.

40. Plaintiffs have been damaged as a result of the negligence of Christopher F. Twiford, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury in excess of this court's jurisdictional requirement, the precise amount to be proven at trial.

## COUNT IV

### (Recklessness--Defendant Christopher F. Twiford)

41. Plaintiffs incorporate by reference the allegations in paragraphs 1-40 of the complaint.

42. On or about April 2, 2011, Defendant Christopher F. Twiford owned the duty as alleged in paragraph 37, and that duty also encompassed a duty not to act recklessly as to plaintiffs.

43. Defendant Christopher F. Twiford was reckless in his lack of knowledge, skill, or care, including but not limited to (a) his failure to insure that Jaclyn or her husband were fully

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                    Page 7 of 9

PAGE 8/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 7 of 9

informed of a suspected aneurism or an injury to the artery in Jaclyn's neck; (b) his failure to ensure that Jaclyn was not left lying for an hour and a half in Arctic Chiropractic's spare room after her injury rather than immediately conveyed to the hospital; (c) his failure to ensure that complete and accurate records of Arctic Chiropractic were immediately prepared and conveyed to YKHC's ER; and (d) his failure to supervise and control Defendant Albert E. Morgan, who withheld important information concerning Jaclyn's circumstances and onset of symptoms from the Cabales' and YKHC's ER on August 2, 2011.

44. As a proximate result of Christopher F. Twiford's reckless lack of knowledge or skill or his failure to exercise care, the plaintiffs suffered injuries that would not otherwise have occurred.

45. Plaintiffs have been damaged as a result of the negligence of Christopher F. Twiford, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury in excess of this court's jurisdictional requirement, the precise amount to be proven at trial.

## COUNT V

### (Negligence—Defendant Arctic Chiropractic)

46. Plaintiffs reallege and incorporate the allegations in paragraphs 1-45 of the complaint.

47. On or about April 2, 2011, Defendant Arctic Chiropractic and its agents and employees owed a duty to plaintiffs to exercise the degree of knowledge or skill of the degree of care ordinarily exercised under the circumstances by health care providers in the field or specialty in which the chiropractic office was practicing.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI

Page 8 of 9

PAGE 9/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 8 of 9

48. Defendant Arctic Chiropractic or its agents or employees either lacked the degree of skill of knowledge or skill or failed to exercise the degree of care, as specified in paragraph 47.

49. As a proximate result of Arctic Chiropractic's or its agents' or employees' lack of knowledge or skill or their failure to exercise this degree of care, the plaintiffs suffered injuries that would not otherwise have occurred.

50. Plaintiffs have been damaged as a result of the negligence of Arctic Chiropractic or its agents or employees, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury in excess of this court's jurisdictional requirement, the precise amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the court grant them the following relief:

1. An award of economic and non-economic damages, the precise amount to be proven at trial;

2. Allowable costs, attorneys' fees and interest;

3. Such other relief as this court deems just and equitable.

Dated this 5 day of March, 2013.

ANGSTMAN LAW OFFICE
Attorneys for Plaintiffs

By: /s/ Myron Angstman
Myron Angstman
ABA No.: 7410057

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Cabales v. Morgan, et al. Case No. 4BE-13-_____ CI                    Page 9 of 9

PAGE 10/11 * RCVD AT 3/6/2013 1:19:18 PM [Central Standard Time] * SVR:NTS-FAX/5 * DNIS:8654 * CSID:1 907 543 7018 * DURATION (mm-ss):05-09

Case 4:14-cv-00013-JWS   Document 1-1   Filed 06/23/14   Page 9 of 9