KAREN L. LOEFFLER
United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska   99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov
Alaska Bar No. 8209092

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACLYN CABALES AND JONATHAN CABALES,<br>    Plaintiffs,<br><br>   v.<br><br>ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C.,<br>    Defendants,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br>    Third-Party Defendant. | Case No. 4:14-cv-00013-JWS<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS CLAIMS FOR DAMAGES AGAINST THE UNITED STATES FOR FAILURE TO FILE A CLAIM UNDER 28 U.S.C 2401(b)** |

The United States moves, pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6), to dismiss any claims for damages or monetary recovery against the United States due to Plaintiffs' failure to file a timely claim under 28 U.S.C. 2401(b).

*United States v. Kubrick,* 444 U.S. 111, 115-25 (1979); *Hensley v. United States,* 531 F.3d 1052, 1056-57 (9th Cir. 2008). Third-Party Plaintiff Arctic Chiropractic Bethel (hereinafter "ACB") filed a third-party Complaint for "apportionment of damages" to the United States[1] under AS 09.17.080. [Dkt. 1-2] While ACB may be entitled to seek apportionment of fault to the United States under AS 09.17.080, Plaintiffs are time-barred from obtaining any monetary award or judgment against the United States. 28 U.S.C. 2401(b); *Stingley v. Raskey,* 1995 WL 696591 (D.Alaska 1995). To allow a monetary judgment against the United States on the basis of ACB's third-party claim would violate the United States' sovereign immunity and the required time for commencing tort claims against the United States under 28 U.S.C. 2401(b); *Stingley,* 1995 WL 696591 at *7.

## PROCEDURAL HISTORY

On **March 6, 2013**, Plaintiffs filed a Complaint in state court against ACB, Albert Morgan ("Morgan") and Christopher Twiford ("Twiford"). [Dkt. 12-2, 12-3] On their "Case Description" form, Plaintiffs indicated that their Complaint was for "Medical Malpractice." [Dkt. 12-5] In their Complaint Plaintiffs alleged the following facts:

---

[1] ACB's Complaint named the Yukon Kuskokwim Health Corporation (YKHC) and the United States was substituted as defendant for YKHC. [Dkt. 8]
*Cabales v. Morgan, et al.*
Case No. 4:14-cv-00013-JWS    2

On **April 2, 2011**, Defendants Morgan and ACB provided chiropractic care to Plaintiff Jaclyn Cabales ("Cabales"). During Morgan's chiropractic manipulation of Cabales' neck, Morgan damaged Cabales' right vertebral artery. [Dkt. 12-2, ¶¶ 9-10] Cabales began vomiting, became dizzy, and started to lose her vision. Morgan saw Cabales' sudden onset of symptoms and he suspected that she suffered an aneurysm. [Dkt. 12-2, ¶¶ 11-12][2]

Cabales was taken to YKHC's ER but Morgan did not tell the YKHC doctors about the recent manipulation of Cabales' neck, her sudden onset of symptoms, or Morgan's concern that Cabales' might have suffered an aneurysm. Cabales was so sick that it affected her ability to communicate with the YKHC health care providers and the YKHC doctors assumed that she had the flu and sent her home. [Dkt. 12-2, ¶¶17-18]

On **April 4, 2011,** Cabales returned to the YKHC ER because her symptoms persisted. The YKHC doctor realized the seriousness of Cabales' condition and ordered a medevac to Anchorage. During the departure preparation or the transport, Cabales suffered a seizure. When she arrived at the Alaska Native Medical Center in Anchorage, her pupils were dilated and fixed and she was not responsive. [Dkt. 12-2, ¶¶ 19-20]

Morgan's negligent chiropractic care, including the neck manipulation, caused a stenosis [abnormal narrowing] of Cabales' right vertebral artery and she suffered two strokes in her brain. On **April 5, 2011**, Cabales' doctors drilled a hole in her skull to alleviate the fluid pressure on her brain.

---

[2] For purposes of this motion to dismiss, the United States assumes *arguendo* that Plaintiffs' factual allegations are true.

*Cabales v. Morgan, et al.*
Case No. 4:14-cv-00013-JWS 3

> On **April 6,** Cabales had an MRA [Magnetic Resonance Angiogram] verifying that she had a 90% stenosis of her vertebral artery. [Dkt. 12-2, ¶¶ 21-23]

Based on these alleged events and injuries, Plaintiffs' March 2013 Complaint asserted claims for medical malpractice, negligence, and/or recklessness against ACB, Morgan, and Twiford (the alleged operator of ACB). [Dkt. 12-2, ¶¶ 3, 5, 26-50] One of Plaintiffs' primary claims was that Morgan and Twiford failed to disclose to the YKHC ER doctors Cabales' chiropractic manipulation, her sudden onset of symptoms, and Morgan's concern that she suffered an aneurysm. Plaintiffs claimed that the Defendants' failure to disclose this information, when Cabales was initially taken to YKHC on April 2, 2011, caused the YKHC doctors to diagnose the flu and to send Cabales home. It was not until April 4, when Cabales returned to YKHC, that the ER doctor allegedly realized the seriousness of her condition and ordered a medevac. [Dkt. 12-2, ¶¶ 17-19, 33, 43] Plaintiffs claimed that this alleged two-day delay in diagnosis and treatment caused them to suffer injuries that would not otherwise have occurred including pain, suffering, emotional distress, disfigurement, physical impairment, and bodily injury. [Dkt. 12-2, ¶¶ 17-20, 33-35, 43-45]

//

*Cabales v. Morgan, et al.*
Case No. 4:14-cv-00013-JWS 4

Case 4:14-cv-00013-JWS   Document 26   Filed 10/16/14   Page 4 of 10

On November 20, 2013, ACB filed a Motion for Leave to File a Third-Party Complaint against YKHC in state court. [Dkt. 14-7] The motion was granted on January 21, 2014 and ACB filed its third-party Complaint. [Dkt. 15-7] ACB's third-party Complaint alleged: that on April 2, 2011, the YKHC ER doctors diagnosed Cabales with gastroenteritis and sent her home, that this diagnosis was incorrect and that Cabales actually suffered from two strokes, that on April 4, 2011, Cabales returned to YKHC and she suffered a seizure, and that YKHC's "failure to properly evaluate, diagnose, and treat" Cabales on April 2, caused her alleged injuries and damages in this case. ACB asserted a claim for "Apportionment of Damages" against YKHC under AS 09.17.080. [Dkt. 15-7, ¶¶ 6-24]

On June 23, 2014, the United States removed the state court action to this Court pursuant to the Federal Tort Claims Act. 28 U.S.C. §§2671-80. [Dkt. 1] The United States was then substituted as the Third-Party Defendant for YKHC. [Dkt. 8]

Plaintiffs did not file a tort claim with the appropriate federal agency (Department of Health and Human Services) under 28 U.S.C. 2401(b) or a complaint against the United States in federal district court.

//

# ARGUMENT

The United States has sovereign immunity from suits except to the extent that it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 590 (1941). Congress granted a waiver of immunity for certain tort actions against the United States went it enacted the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346, 2671-80; *Hensley,* 531 F.3d at 1056. The timely filing of a claim against the United States is a condition of its waiver of immunity under the FTCA. *Kubrick,* 444 U.S. at 117; *Stingley,* 1995 WL 696591 at *7. The FTCA provides that a tort claim against the United States "shall be forever barred" unless it is presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §2401(b).

In medical malpractice actions, the claim accrues and the two-year limitations period begins to run when a plaintiff knows or has reason to know the existence of her injury and its cause. *Kubrick,* 444 U.S. at 122-23; *Hensley,* 531 F.3d at 1056; *see Herrera-Diaz v. United States,* 845 F.2d 1534, 1537 (9th Cir. 1988) (the limitations period starts to run when a plaintiff has discovered, or in the exercise of reasonable diligence should have discovered, both her injury and its cause.). The accrual of a claim does not require that the plaintiff know that her injury may have been caused by *negligent* conduct.

*Hensley,* 531 F.3d at 1056. Where the plaintiff knows, or should reasonably know, the facts about her injury she can protect herself by seeking advice in the legal and medical community regarding the appropriate standards of medical care and whether her treatment conformed to those standards. To excuse her from promptly doing so, by postponing the accrual of her claim, would undermine the purpose of the limitations statute, which is to require the diligent presentation of tort claims against the government. *Kubrick,* 444 U.S. at 123-24; *Hensley,* 531 F.3d at 1056; *Herrera-Diaz,* 845 F.2d at 1536.

Plaintiffs knew, or reasonably should have known, the alleged facts regarding Cabales' injuries and cause of her injuries in April 2011. Plaintiffs were aware that Cabales suffered an alleged injury on April 2, 2011, since they claim that she became ill and began experiencing vomiting, dizziness, and loss of vision immediately after her chiropractic treatment (neck manipulation) by Morgan at ACB. That same day, Plaintiff Jonathan Cabales went to ABC to attend his wife and allegedly experienced shock and severe distress at seeing her suffering, pain, and fear regarding her condition. [Dkt. 12-2, ¶¶ 9-12, 15] Plaintiffs were aware that Cabales was taken to the YKHC ER on April 2 and that the YKHC doctor allegedly thought she had the flu and sent her home. [Dkt. 12-2, ¶¶ 17-18]

*Cabales v. Morgan, et al.*
Case No. 4:14-cv-00013-JWS           7

Plaintiffs knew and claim that on April 4, 2011, they returned to YKHC because Cabales' symptoms from April 2 had persisted. They were aware that the YKHC doctor determined that Cabales' condition was serious and that the doctor ordered a medevac to Anchorage. [Dkt. 12-2, ¶19] They knew and allege that Cabales suffered a seizure, that she was intubated, and that when she arrived in Anchorage her pupils were dilated and fixed and she was not responsive. [Dkt. 12-2, ¶20] They claim that on April 5, the doctors drilled a hole in Cabales' skull to alleviate the fluid pressure on her brain. By April 6, Cabales had an MRA allegedly confirming that she had a stenosis (90%) of her vertebral artery, and by this date she allegedly had suffered two strokes in her brain. [Dkt. 12-2, ¶¶ 21-24]

Further, by April 6, 2011, Plaintiffs knew, or reasonably should have known, that Cabales' alleged injury and condition on April 2 (stenosis of her vertebral artery allegedly causing two brain strokes) was different from and more serious than the "flu diagnosis" that the YKHC doctors made during her visit on April 2. Plaintiffs were aware that Cabales' condition allegedly persisted and got worse from her initial visit to YKHC on April 2 to her return visit and medevac on April 4. [Dkt. 12-2, ¶¶ 19-20] In their Complaint, Plaintiffs claimed that the alleged two-day delay in Cabales' diagnosis and

treatment caused them to suffer additional serious injuries. [Dkt. 12-2, ¶¶ 17-20, 33-35, 43-45] Whether Plaintiffs knew or believed that the YKHC doctors were *negligent* in their April 2 diagnosis and treatment (as ACB now claims) is irrelevant, as a matter of law. This "knowledge" (or lack thereof) does not stay the accrual of Plaintiffs' claims or the running of the limitations period for their potential tort claims against the United States. 28 U.S.C. 2401(b); *Kubrick,* 444 U.S. at 123-24; *Hensley,* 531 F.3d at 1056.

Thus, Plaintiffs' potential tort claims accrued in April 2011 and the limitations period for any claims against the United States expired in April 2013. Plaintiffs did not file a claim with the appropriate federal agency and they did not file a lawsuit against the United States. They are time-barred from asserting any claims or obtaining any recovery against the United States because they failed to file a timely claim under 28 U.S.C. 2401(b). *Kubrick,* 444 U.S. at 117; *Stingley,* 1995 WL 696591 at *7.

Finally, ACB's filing of a third-party claim against the United States for "apportionment of fault" under AS 09.17.080, does not waive the FTCA limitations period for Plaintiffs' tort claims against the United States. Plaintiffs' failure to file a claim within the two-year limitations period under the FTCA bars them from obtaining any monetary judgment against the

United States. 28 U.S.C. 2401(b); *Stingley,* 1995 WL 696591 at *7. Whatever the legal or factual merits are regarding ACB's third-party claim for "apportionment of fault," it does not create or resurrect any claim or liability as between the Plaintiffs and the United States under the FTCA.

## CONCLUSION

For the reasons set out above, the United States asserts its sovereign immunity and respectfully requests that the Court grant this motion and enter an order dismissing any claims for damages or monetary relief against the United States in this action.

RESPECTFULLY SUBMITTED, on October 16, 2014, in Anchorage, Alaska.

> KAREN L. LOEFFLER
> United States Attorney
>
> s/Gary M. Guarino
> GARY M. GUARINO
> Assistant U.S. Attorney
> Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2014, a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS FOR DAMAGES AGAINST THE UNITED STATES FOR FAILURE TO FILE CLAIM UNDER 28 U.S.C 2401(b)** was served electronically on:

| | |
|---|---|
| Myron Angstman | Robert Campbell |
| Michael J. Hanson | John P. Cashion |
| Dennis E. Boyle | |

s/ Gary M. Guarino
Office of the U.S. Attorney

*Cabales v. Morgan, et al.*
Case No. 4:14-cv-00013-JWS                10